UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| INDIA RENEE CARTER-STEWART, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:24-cv-01159-MTS |
| ) | |
| CHRIS MCBEE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented Petitioner India Renee Carter-Stewart's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (explaining that a person in custody pursuant to the judgment of state court can obtain habeas relief only through § 2254). Because it appears that Petitioner has not fully presented her claims to the Missouri courts, the Petition will be dismissed for failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254.

### Background

A review of Missouri's Case.net system indicates that, in February 2022, Petitioner was charged with one count of felony resisting arrest and one count of felony leaving the scene of an accident, both in violation of Missouri law. *See State v. Carter*, No. 2122-CR01617-01 (22nd Judicial Circuit, St. Louis City). On August 29, 2022, Petitioner entered a guilty plea to both charges. The Missouri Circuit Court sentenced Petitioner on

1

that same date to two concurrent four-year terms of imprisonment on the counts but suspended execution of sentences and placed Petitioner on probation. Petitioner did not file a direct appeal of her convictions or sentence. *Id.*

On February 8, 2024, the court revoked Petitioner's probation and sentenced her to two concurrent four-year terms of imprisonment.[1] On May 20, 2024, Petitioner filed in state court a Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 24.035. The state court has not ruled on this motion.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

> (A) the applicant has exhausted the remedies available in the courts of the State . . .

In *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment

---

[1] The Judgment contained a clerical error—the wrong case number was used. Petitioner later moved to set aside her probation revocation for this reason. Because her sentence would have been the same with or without the clerical error, the Court found no manifest injustice to warrant setting aside the probation revocation.

2

before the lower federal courts may entertain a collateral attack upon that judgment." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)).  The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" *Duncan*, 533 U.S. at 179 (citing *Rose*, 455 U.S. at 518).  "The exhaustion rule promotes comity in that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* (internal quotations and citations omitted).  As stated by the Court in *O'Sullivan*, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."

Therefore, before federal habeas relief can be granted, a person in state custody is required to exhaust available state remedies.  28 U.S.C. § 2254(b)(1).  State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure.  Here, Petitioner must continue to pursue her state court remedies through her post-conviction (Rule 24.035) proceeding and any appeal.  As such, Petitioner has available state procedures that she must exhaust before invoking federal habeas jurisdiction.  Because there is no possibility that Petitioner has exhausted her available state remedies, the petition shall be dismissed without prejudice.  28 U.S.C. § 2254(b); Rule 4 of the Rules Governing § 2254 Cases.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, Doc. [1], is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Appointment of Counsel, Doc. [3], is **DENIED as moot**.

A separate Order of Dismissal will accompany this Memorandum and Order. The Court will not issue a certificate of appealability.

Dated this 26th day of November 2024.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE